IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAYNETTA WALKER, ET AL, ) | |
| ) | No. 20-CV-1379 |
| Plaintiffs, ) | |
| v. ) | |
| ) | Hon. Andrea Wood |
| CITY OF CHICAGO, ) | |
| and URT UNITED ROAD TOWING, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant City of Chicago ("City"), by and through its counsel Mark A. Flessner, Corporation Counsel, hereby moves pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss all claims brought against the City in Plaintiffs' Amended Complaint. In support of this motion, the City states as follows:

1. Plaintiffs are two individuals whose cars were impounded and disposed of pursuant to section 9-100-120 of the Municipal Code of Chicago ("MCC"). That section governs the immobilization (also known as "booting"), towing, and disposal of vehicles whose owners accrue but do not pay a certain number of tickets for parking, compliance, or other vehicle-related violations.

2. In considering motions under Rule 12(b)(1) and 12(b)(6), the Court first strips away any conclusory statements in the complaint and considers only "well-pleaded factual allegations." See Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015). Then, as to a Rule

1

12(b)(1) motion, the Court considers whether the well-pleaded factual allegations "plausibly suggest a claim of subject matter jurisdiction." Id. And as to a Rule 12(b)(6) motion, the Court determines whether the allegations "'state a claim to relief that is plausible on its face,'" Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff may plead herself out of court if the pleadings allege facts showing that the plaintiff cannot state a claim. See Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753–54 (7th Cir. 2002).

    3.    **Counts I, II, IX & X – Failure to State A Takings Claim.** In Counts I and II, Plaintiffs allege that the City committed an unconstitutional taking when it disposed of their impounded vehicles without paying compensation. And in Counts IX and X, Plaintiffs contend, more specifically, that a taking resulted when the City failed to send two notice letters after the vehicles were impounded and prior to disposal. Plaintiffs bring these claims under both the Takings Clause of the Federal Constitution and Article I, Section 15 of the Illinois Constitution. These claims should be dismissed for failure to state a claim. A taking does not arise where, as here, the government acquires property pursuant to a lawful exercise of authority other than the eminent domain power. Moreover, there was no taking because Plaintiffs' vehicles were not taken for public use.

    4.    **Counts XI & XII – Failure to State An Unconstitutional Seizure Claim.** In Counts XI and XII, Plaintiffs claim that the City's disposal of their vehicles constituted an unconstitutional seizure under both the Fourth Amendment and Article I, section 6 of the Illinois Constitution. These claims should be dismissed for failure to state a claim because the disposal of Plaintiffs' vehicles was not a seizure; rather, the seizure occurred when the City impounded Plaintiffs' vehicles, and Plaintiffs do not challenge the lawfulness of the impoundment.

5. **Counts I, IX & XI – Lack of Standing.** In Counts I, IX, and XI, Plaintiffs seek declaratory and injunctive relief for the alleged takings and seizure violations. These claims should be dismissed for lack of standing because Plaintiffs cannot show a real and immediate threat of a future disposal of their vehicles.

6. **Counts III, V, VI & VIII – Failure to State a Claim Under State Law.** In addition to the federal and state constitutional claims discussed above, Plaintiffs bring a variety of other claims under state law, raised in Counts III, V, VI, and VIII. Count III asserts a claim of unjust enrichment based on the alleged unlawful taking of Plaintiffs' vehicles. That count should be dismissed for failure to state a claim because it seeks relief predicated on Plaintiffs' takings theories which, as explained above, fail to state a claim. Counts V, VI, and VIII are based on the theory that the MCC required the City to send two notices prior to disposing of Plaintiffs' vehicles rather than one. In these claims, Plaintiffs seek various forms of relief based on the alleged failure to send two notices. See Count V (declaratory and injunctive relief); Count VI (unjust enrichment); Count VIII (mandamus). All of these "two notice" claims fail to state a claim because Plaintiffs rely on a provision of the MCC – section 9-92-100(a) – that did not apply to the disposal of their vehicles. Instead, a different provision applied – section 9-100-120(f) – and, under that provision, only one notice was required. Because the City was not required to send two notices here, Plaintiffs' state law claims seeking relief predicated on the lack of a second notice fail as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those discussed in the City's Memorandum in Support of this motion, which is being filed concurrently herewith, Counts I, II, III, V, VI, VIII,

IX, X, XI, and XII should be dismissed as against the City, and with no claim remaining against the City, the City should be dismissed from this action.

| | |
|---|---|
| Date: August 11, 2020 | Respectfully submitted, |

ANDREW W. WORSECK  
JENNIFER ZLOTOW  
PETER H. CAVANAUGH  
City of Chicago, Department of Law  
Constitutional and Commercial Litig. Div.  
30 North LaSalle Street, Suite 1230  
Chicago, Illinois 60602

MARK A. FLESSNER,  
Corporation Counsel for the City of Chicago

By:   /s/ Andrew Worseck  
          Chief Assistant Corporation Counsel

*Attorneys for Defendant City of Chicago*

## CERTIFICATE OF SERVICE

      I, Andrew Worseck, an attorney, hereby certify that on August 11, 2020, I caused the foregoing **Defendant City of Chicago's Motion To Dismiss Plaintiffs' Amended Complaint,** and the City's **Memorandum in Support** to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notifications of such filing to all parties that have appeared in this action.

                                                                       /s/ Andrew Worseck